# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-CV-67-RJC

| | |
|---|---|
| ERIC S. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER** |
| ALAN NORMAN, Cleveland County Sheriff, | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

According to his complaint, Plaintiff's federally protected rights have been violated by the policy of Cleveland County Detention Center ("the policy"). The policy, as Plaintiff maintains, restricts indigent inmates from receiving free postage and envelopes for use in sending personal mail. Plaintiff states that the policy limits him to sending two pieces of legal mail weekly and free of charge. (Doc. No. 1 at 4). Plaintiff asserts that he participated unsuccessfully in the internal grievance process at the detention center. In his claim for relief, Plaintiff moves the Court for an order changing the policy so that indigent inmates may receive free postage and stationary for their personal use. (Id.). Finally, Plaintiff asks that the costs of this action be taxed against the defendant because he is being deprived of his federal rights. (Id. at 5).

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises "an indisputably meritless legal theory" or is founded upon allegations that "are clearly baseless", such as "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

In conducting this review, the Court is mindful that a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a claim under Section 1983).

Although Plaintiff seeks to identify his desire to receive free postage and stationary for his personal use as a federally protected right, the Court is unable to find that this is so. It is undisputed that a state actor is prohibited from unduly limiting a prisoner's access to the courts,

but the Court can find no corresponding federally protected obligation to ensure an inmate receives free postage and stationary for personal use. See Gaines v. Lane, 790 F.2d 1299, 1308 (7th Cir. 1986) ("However, although prisoners have a right of access to the courts, they do not have a right to unlimited free postage.") (citing Bach v. Coughlin, 508 F.2d 303, 307 (7th Cir. 1974)). "Prison authorities are able to make 'a reasonable attempt to balance the right of prisoners to use the mails with prison budgetary considerations.'" Gaines, supra (quoting Bach, 508 F.2d at 307-08).

Without more, the Court finds that Plaintiff has failed to state a cognizable claim for relief. See Bounds v. Smith, 430 U.S. 817, 824-25 (1977) ("Moreover, our decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate, and with stamps to mail them."). Plaintiff does not contend that he is being denied access to the courts or the right to work on his legal case. In fact, Plaintiff continually notes the policy permitting inmate the ability to send legal mail, even acknowledging that he is entitled to send two pieces of legal mail per week free of charge.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice for failure to state a claim. (Doc. No. 1). The Clerk of Court is directed to close this case.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge